# IN THE UNITIED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NATHAN VALLIN,

    Plaintiff,                                CASE NO.:

vs.

WELLS FARGO BANK, N.A.,       **DEMAND FOR JURY TRIAL**

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** Plaintiff, NATHAN VALLIN (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, WELLS FARGO BANK, N.A. (hereinafter referred to as "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1. Plaintiff is a natural person over the age of 18 who resides in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. This is an action for damages greater than $15,000.00

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

4. Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here, and Defendants transact business here.

5. Defendant is a national bank chartered under the laws of the United States of America, and does business throughout the state of Florida, including the Middle District.

6. Defendant is a "person" subject to regulations under the Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

7. It is alleged by Defendant that Plaintiff owed a debt regarding past due monies to Defendant relating to a mortgage with an account number ending in -3562.

8. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on January 30, 2012 at 2:08 P.M. through a facsimile transmission to Defendant's facsimile number: (866) 969-0103. *See* Exhibit "A."

9. On January 30, 2012, Plaintiff clearly and unequivocally revoked any and all prior express consent, written or otherwise, to call Plaintiff's mobile cell phone.

10. The following phone numbers, (612) 312-8550 and (800) 678-7986, are phone numbers of Defendant.

11. Plaintiff's cellular telephone number is (813) 727-3522.

12. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls from (612) 312-8550 and (800) 678-7986 to Plaintiff's cellular telephone on the following dates and times listed on the call log of Plaintiff attached as Exhibit "B."

13.     Defendant knowingly or willfully called Plaintiff's cellular telephone from telephone numbers (612) 312-8550 and (800) 678-7986 after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

14.     Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communication.

15.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

16.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

17.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

18.     Plaintiff incorporates all allegations in paragraphs 1-17 as if stated fully herein.

19.     Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

20.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

21.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each

call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

22. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, NATHAN VALLIN, demands judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after January 30, 2012;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the court deems just and proper.

*This space intentionally left blank*

## DEMAND FOR JURY TRIAL

Plaintiff, NATHAN VALLIN, demands a trial by jury as to all issues.

Date: April 15, 2015              Respectfully Submitted,

/s/ Christopher W. Boss
Christopher W. Boss, Fla. Bar No.: 13183
**Boss Law, PLLC**
Email: CWBservice@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
*Counsel for Plaintiff*